# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

LAMAR DONTE REYNOLDS,

    Petitioner,

v.

WARDEN, LEBANON CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:19-CV-3495
JUDGE SARAH D. MORRISON
Chief Magistrate Judge Elizabeth P. Deavers

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner seeks release from confinement imposed pursuant to a state-court judgment in a criminal action. This case has been referred to the Undersigned pursuant to 28 U.S.C. § 636(b) and Columbus' General Order 14-1 regarding assignments and references to United States Magistrate Judges.

This matter is before the Court on its own motion under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4"). Pursuant to Rule 4, the Court conducts a preliminary review to determine whether "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief . . ." If it does so appear, the petition must be dismissed. *Id*. With this standard in mind, and for the reasons that follow, these are the circumstances here.

### I. Facts and Procedural History

Petitioner challenges his convictions after a jury trial in the Franklin County Court of Common Pleas for murder with a firearm specification and having a weapon while under disability. On June 15, 2018, the trial court sentenced Petitioner to an aggregate prison term of

18 years to life. *See State v. Reynolds*, 10th Dist. No. 18AP-560, 2019 WL 2482348, at *4 (Ohio App. Ct. June 13, 2019). Petitioner filed a timely appeal, asserting as follows:

> I. THE TRIAL COURT ERRED AND DEPRIVED APPELLANT OF DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE SECTION TEN OF THE OHIO CONSTITUTION BY FINDING HIM GUILTY OF MURDER AND HAVING WEAPONS WHILE UNDER DISABILITY AS THOSE VERDICTS WERE NOT SUPPORTED BY SUFFICIENT EVIDENCE AND WERE ALSO AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
>
> II. THE TRIAL COURT ABUSED ITS DISCRETION AND DENIED APPELLANT A FAIR TRIAL AND DUE PROCESS OF LAW AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION BY REQUIRING HIM TO APPEAR AT ALL STAGES OF HIS JURY TRIAL IN HANDCUFFS AND LEG SHACKLES.

*Id.* On June 13, 2019, the appellate court affirmed the judgment of the trial court. *Id.* Petitioner did not file an appeal to the Ohio Supreme Court.

On August 12, 2019, Petitioner filed this *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Because it appeared to be incomplete and missing pages, pursuant to this Court's directive, on August 30, 2019, he re-submitted his habeas corpus petition. (ECF No. 3.) He asserts as follows:

> 1. I Lamar D. Reynolds and "Person" on Lamar Reynolds and private property on private property at my home of Lamar Reynolds & person and all private property to be secure and not taken with no warrants.
>
> 2. I was attacked in my Home and injured See State's Exhibit B5-B6 of my knees, in fear I shot in fear of more injur[]y and a man taken my gun away from me. While trying to retreat with my heads [sic] up in the air and was attacked with my back turned.
>
> 3. It come to my attention that the State of Ohio used unlawful procedure intered Temper[sic] and plants evidence to a grand jury for a[n] indictment.

2

4. Denied Lamar D. Reynolds the exercise of a secured constitutional/treaty rights by coming tog in a conspiracy to temper evidence and convert a right in to a crime. State never prove I did a crime. . . .

## II.  Rule 2, Rules Governing Section 2254 Cases

Even liberally construing Petitioner's pleadings, as this Court is required to do, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (allegations of a *pro se* complaint are to be held to less stringent standards than formal pleadings drafted by lawyers), the Court cannot decipher the basis for Petitioner's claims.  Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts provides that the Petitioner must specify the nature of his grounds for relief and state the facts in support of each ground.  Petitioner has failed to do so here.  Dismissal under Rule 2(c) is appropriate in cases where, as here, it is impossible to determine from the petitioner's pleadings the exact errors of fact or law raised for adjudication.  *See Rice v. Warden*, No. 1:14-cv-732, 2015 WL 5299421, at *4 (S.D. Ohio Sept. 9, 2015) (dismissal under Rule 2(c) appropriate where pleadings contain unintelligible and conclusory allegations and statements) (citations omitted); *Accord v. Warden, Lebanon Corr. Inst*., No. 2:12-cv-355, 2013 WL 228027, at *3 (S.D. Ohio Jan. 22, 2013) (while the court liberally construes a *pro se* prisoner's pleadings, it is not required to "conjure allegations" on the petitioner's behalf) (citations omitted). These are the circumstances here. Thus, this action is subject to dismissal on this basis alone.

## III.  Exhaustion

Moreover, to the extent that Petitioner intends to raise a claim of insufficiency of the evidence, that claim remains unexhausted.

Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts.  *Castille v. Peoples,* 489 U.S. 346, 349 (1989); *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993).  If a habeas petitioner has the right under state law to raise a

3

claim by any available procedure, he has not exhausted that claim. 28 U.S.C. § 2254(b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). A habeas petitioner bears the burden of demonstrating that he has properly and fully exhausted his available state court remedies with respect to the claims he seeks to present for federal habeas review. *Prather v. Rees*, 822 F.2d 1418, 1420 n.3 (6th Cir. 1987). In Ohio, the exhaustion requirement includes direct and delayed appeals to the Ohio Court of Appeals and Ohio Supreme Court. *See Boddie v. Jenkins*, No. 2:14-cv-226, 2015 WL 4874705, at *3 (S.D. Ohio Aug. 14, 2015) (citing *Mackey v. Koloski*, 413 F.2d 1019 (6th Cir. 1969); *Allen v. Perini*, 424 F.2d 134 (6th Cir. 1970)).

Here, Petitioner may still pursue a motion for a delayed appeal in the Ohio Supreme Court under Ohio Supreme Court Rule of Practice 7.01(A)(4). Because this remedy remains available to the Petitioner, this action also is subject to dismissal without prejudice as unexhausted. *See Juan v. Warden, Chillicothe Correctional Inst.*, No. 2:17-cv-1056, 2018 WL 1942272, at *3 (S.D. Ohio April 25, 2018) (citing *Ortiz v. Wolfe*, 466 F. App'x 465, 467 (6th Cir. 2012) (even where the petitioner has only a "slim chance of success" he must give the state courts the opportunity to address his claims). Moreover, the record does not indicate that a stay would be appropriate under *Rhines v. Weber*, 544 U.S. 269, 277 (2005), as Petitioner's claim is not potentially meritorious. The state appellate court already has rejected his claim, and Petitioner's motion for delayed appeal has little likelihood of success. *See Hunter v. Warden*, *Ross Correctional Institution*, No. 2:16-cv-506, 2017 WL 1957794, at *5 (S.D. Ohio April 25, 2017) (citing *Williams v. Thaler*, 602 F.3d 291 (5th Cir. 2010)).

## IV. Recommended Disposition

For the foregoing reasons, the Undersigned **RECOMMENDS** that this action be **DISMISSED.**

### **Procedure on Objections**

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

 s/ *Elizabeth A. Preston Deavers*  
Elizabeth A. Preston Deavers  
Chief United States Magistrate Judge